Pérez et al., Plaintiffs and Appellees, *v.* Arrieta et al., Defendants and Appellants.

Appeal from the District Court of San Juan in an Action Contesting an Election.

No. 2445.—Decided May 13, 1921.

Appeal—Election Contest—Transcript of Record.—Section 11 of the Act of March 7, 1906, to provide a manner for contesting elections can not be construed as requiring the appellant to include in the transcript all of the documents referring to the said proceeding, however unnecessary they may be; therefore an appeal in an election contest will not be dismissed because the appellant failed to include in the transcript certain documents which are not essential to the appeal.

The facts are stated in the opinion.

*Mr. L. Feliu* for the appellants.

*Messrs. C. Coll Cuchí* and *G. Cruzado Silva* for the appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Contestees appealed from a judgment rendered upon the pleadings in an election contest case and contestants move for a dismissal of the appeal on the ground that the transcript of the record does not contain "all the proceedings had in the contest."

The record consists of a notice as to the filing of an amended complaint with service of a copy of such notice as well as of the amended complaint referred to therein; of a

motion purporting to have been accompanied by an amended complaint in conformity with section 139 of the Code of Civil Procedure, showing that the proposed amended complaint does not vary the original cause of action, the original complaint having been served on the opposite party, and requesting permission to file such amended complaint; of the amended complaint with a jurat, acceptance of service and file-mark; of a demurrer to the amended complaint on the ground that it does not state facts sufficient to constitute a cause of action, with an acceptance of service thereof and file-mark; of a motion to strike certain portions of the amended complaint, acceptance of service and file-mark; of a motion for inclusion in the special docket and for the setting both of the demurrer and the motion to strike, with acceptance of service and file-mark; of a notice of filing of a motion for judgment upon the pleadings, with acceptance of service of copies; of the motion for judgment upon the pleadings with file-mark; of the judgment rendered in accordance therewith together with the opinion which served as a basis therefor; of a notice of appeal from the said judgment with acceptance of service and file-mark; of a motion for the fixing of an appeal bond as provided in section 11 of the law governing the proceeding; of an order fixing the amount of the bond; of the appeal bond approved by the trial judge and affidavit of service by mail of the notice of appeal.

The clerk of the court below certified that the transcript "is a faithful and true copy of the original documents appearing in the record of this case."

Section 11 of the Act of March 7, 1906, providing a manner for contesting the election of officers was set forth in full in *Candal et al.* v. *Vargas et al., ante,* page 251, and need not be so quoted here. It authorizes an appeal to this court within ten days from the rendition of the final judgment and not later, and expressly provides that such appeal "shall be·

taken under the same rules and regulations as are provided for appeals in civil cases." The *proviso* of this section requires the appellant to file in this court "a transcript of all the proceedings had in the contest, certified to by the secretary of the trial court or by the attorneys of record of all the parties to the contest," and authorizes an affirmance of the judgment if such transcript should not be filed, upon the proper showing by the appellee. The appellees herein, however, do not pray for the affirmance of the judgment appealed from for the failure in filing the transcript, nor do they invoke Rule 55 of this court under which they might ask for a diminution of the record; but they demand that the appeal be dismissed on the sole ground that certain documents filed in the lower court were not included in the transcript.

In support of the motion, contestants cite Hayne on New Trial and Appeal, volume 2, section 265. The second paragraph of said section discusses the general proposition that "the transcript should contain all the documents constituting the record on appeal;" but, as therein indicated:

"What is here said as to the necessity for a complete record on appeal applies to whatever is important or essential to a consideration of such appeal. Section 950 of the Code of Civil Procedure provides that 'if the appellant fails to furnish the requisite papers, the appeal *may* be dismissed.' In Paige v. Roeding, the Supreme Court said:

" 'This power to dismiss might be properly exercised in extreme cases; but it frequently happens that the whole of a judgment-roll is not "requisite" to the full determination of an appeal. And it would be unjust to dismiss an appeal merely because some part of the roll had been, inadvertently, perhaps, omitted from the transcript. If the omission be deemed material by the respondent, he can easily remedy the supposed defect by suggestion of a diminution of record.' "

There is nothing on the face of the transcript herein to indicate that it is not a complete copy of the whole record below, from and after the date of the filing of the amended

complaint. Nor does the certificate of the clerk suggest the omission of anything that should have been included. It may be conceded for the purposes of this opinion that in form this certificate leaves much to be desired and that it might have been regarded as insufficient had it not been supplemented by the affirmative showing on the part of appellees as to the nature and scope of the alleged omissions.

The documents omitted (all of which, save the two briefs Nos. 14 and 15, *infra*, are apparently of a prior date to that of the amended complaint, or, in any event, refer to preliminary and incidental matters that have no connection whatever with any question that could be raised on this appeal) are enumerated in the certificate filed by appellees, from which we quote:

"1. An original complaint contesting an election, filed by the plaintiffs;

"2. A written notice addressed to all and each of the defendants announcing the determination of plaintiffs to contest the election which resulted in a victory for defendants;

"3. Sworn statement of Jesús J. Vergne showing that defendants were notified of the intention of plaintiffs to contest the election;

"4. A motion addressed by the defendants to the clerk of the court requiring the latter to fix the bond provided in section 5 of the law for contesting elections;

"5. A written communication from the clerk of the district court addressed to attorney Leopoldo Feliú showing that the court had fixed the said bond in the amount of $2,500.00;

"6. A negative certificate from the Assistant Treasurer of Porto Rico to the effect that Oscar Nevárez López does not appear as taxpayer in the municipality of Toa Baja;

"7. A certificate to the same effect concerning José Arrieta Ríos;

"8. A motion of the plaintiffs in opposition to the bond given by defendants in conformity with the aforesaid section 5 of the law for contesting elections;

"9. A motion of the defendants showing the jurisdiction of the court to pass upon the sufficiency and solvency of sureties who signed the said bond in favor of the plaintiffs;

"10. A motion for inclusion in the special docket of the motion in opposition to the bond and hearing thereon;

"11. Ruling of the court upon the sufficiency of the bond in question, granting the plaintiffs a term of ten days within which to object to the new bond;

"12. A motion in opposition to the new bond;

"13. A motion for inclusion in the special docket of another motion in opposition to the new bond;

"14. A brief of contestants on the motion to strike certain matters in the complaint and upon the demurrer;

"15. Brief of defendants in support of the demurrer filed to the amended complaint and on the motion to strike."

These documents, as already indicated, as alleged by the appellants, as shown by the list, *supra,* and as tacitly admitted by the appellees, have no relation whatever to any question involved or sought to be raised in this appeal. The original complaint was substituted by the amended complaint, in so far as any question herein is concerned, although it may be conceded that it remained as a part of the record for certain purposes, as for instance, to show the date of filing and in a proper case might have been included in the transcript by appellants, or at the suggestion of the appellees by the court below in order to complete the record.

Some of the other documents, such as the ruling of the court upon the sufficiency of the bond (No. 11, *supra*) and the documents upon which the said ruling was based (Nos. 4 to 10 inclusive), had appellants desired to have the said ruling reviewed, might have been mentioned in the *praecipe* for a transcript, in which case the secretary should have included them by virtue of the provisions of section 213 of the Code of Civil Procedure. But in the absence of such *praecipe* none of the documents in question could have been considered as part of the judgment-roll described in section 233, or as a part of the record on appeal mentioned in section 299 of the Code of Civil Procedure. The failure to include them could only prejudice the appellant in any event, and if "the same rules

and regulations that are provided for appeals in civil cases" must govern, then they were duly excluded.

The reference to "a transcript of all the proceedings had in the contest" in section 11 of the Act of 1906, *supra,* should be construed in connection with its context, including the deliberate adoption of the general rules and regulations governing appeals in civil cases; and we can not think that the Legislature intended to place on appellant the useless burden and expense of encumbering the transcript with such surplusage as affidavits, briefs, documents and redundant matter of every sort and kind, which, under those rules and regulations could not be regarded as forming part of the record on appeal in an ordinary civil action.

The motion should be

*Overruled.*

Chief Justice Hernández and Justices Wolf, Del Toro and Aldrey concurred.